DANIEL S. PEARSON, Judge.
This is an appeal from a final judgment entered after a non-jury trial awarding damages to Michael and Alexa Lazarus and their minor sons, Brett and Scott Lazarus. The judgment, in the total amount of $190,-458.57, consists of $126,000 for bodily injuries, medical expenses, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life; $54,458.57 for property damages; and $10,000 for punitive damages. The amounts set forth in the judgment are supported by competent and substantial evidence, and we therefore reject appellant’s claims to the contrary.
Counsel for the defendant argues, however, that a judgment in this undifferentiated form is improper and that it is not possible to determine from this judgment the specific amounts to which the individual plaintiffs are entitled. While a defendant qua defendant ordinarily would have no interest in the allocation of the judgment between the plaintiffs, and thus no standing to complain, if the amount of the judgment to the minor were in excess of $5,000, a court-appointed guardian of the minor’s property is required to execute a satisfaction of the judgment. See § 744.387(3) & (4), Fla.Stat. (1985). Thus, for the purpose of determining if the judgment for the minor exceeds $5,000, the defendant correctly urged — even belatedly[1] — that the judgment be allocated. Since the record reflects that some portion of the award for bodily injuries, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life is attributable to the minor children, and that they are consequently entitled to some portion of the punitive damage award,[2] the case is remanded to the trial court to appoint a guardian ad litem to represent the interests of any child who is still a minor, to thereafter conduct a hearing to determine the specific amount of the judgment to which such child is entitled, and to enter an amended final judgment reciting the separate damage awards for such child.[3] See Florida Power & Light Co. v. Macias, 507 So.2d 1113, 1117 (Fla. 3d DCA 1987) (where parent seeks compensation for own injuries from same settlement fund that will provide compensation for child, guardian ad litem must be appointed to represent child in allocation proceeding).
Remanded.

. Counsel for the plaintiffs (parents) respond that this argument has been waived by the defendant's failure to raise it prior to its motion for rehearing below. However, we think the matter is one that can and must be entertained by the court at any time.

. It is clear from the record that the medical expenses incurred by the children were paid for by the parents and that the amount awarded for property damage was for property owned by the parents.

.If either child has attained his majority, he may request allocation of his portion of the judgment and participate in the allocation proceeding.