**John WISEKAL, as Personal Representative of the Estate of Darian Wisekal, Plaintiff,**

v.

**LABORATORY CORPORATION OF AMERICA HOLDINGS and Glenda C. Mixon, Defendants.**

**CASE NO. 12–80806–CIV–HURLEY**

United States District Court, S.D. Florida.

Signed April 22, 2016

Sean Christopher Domnick, Domnick Law, Palm Beach Gardens, FL, Stephen Frederick Rosenthal, Podhurst Orseck Josefsberg et al., Miami, FL, for Plaintiff.

Carol A. Hogan, Jones Day, Chicago, IL, Robert R. Hearn, Eric Robert Pellenbarg, Phelps Dunbar LLP, Tampa, FL, Kenneth Russell Drake, Demahy Labrador Drake Victor Payne & Cabeza, Maria Sciolto, Campbell Law Firm PLLC, Coral Gables, FL, Nathan A. Huff, Phelps Dunbar, LLP, Raleigh, NC, for Defendants.

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT ON BEHALF OF MINOR BENEFICIARIES OF THE ESTATE & DENYING MOTION FOR ENTRY OF ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUNDS [DE 506, 512]

Daniel T.K. Hurley, UNITED STATES DISTRICT JUDGE

■ **THIS CASE,** which invoked the Court's diversity jurisdiction, is governed by Florida law. In particular at this juncture of the litigation, the court is called upon to apply Section 744.387(3)(a), Fla. Stat., which states, "No settlement after an action has been commenced by or on behalf of a ward shall be effective unless approved by the court having jurisdiction of the action." Implicit in this provision is the rule that a Court will approve a settlement on behalf of a ward *only* if the settlement is fair and enforceable. Regrettably, the settlement that has been tendered to the Court meets neither of these requirements.

Now pending before the Court is the Plaintiff s motion for approval of settlement on behalf of the minor beneficiaries of the Estate of Darian Wisekal, and for entry of an order approving distribution of settlement proceeds [DE 506] and amended motion for approval of settlement [DE 512]. In support of its motion, the Plaintiff previously submitted, under seal, a single page of the proposed settlement agreement in question [DE 508-1]. At the Court's direction, pursuant to § 744.387 (3)(a), and Fla. Prob. R. 5.636, Plaintiff subsequently submitted under seal a copy of the entire proposed settlement agreement [DE 514-1].

Having reviewed the proposed settlement agreement in its entirety, including in relevant aspect the "representations and warranties" of John Wisekal, as the Personal Representative of the Estate, who purports to have "the legal authority under Florida law to enter into [the] Agreement," and to comply with its terms on behalf of the minor children, Baylor and Bianca Wisekal, and to release claims on their behalf, by virtue of his status as "the father and sole living parent of the minor children" [DE 514-1,¶¶ (4)(a), (b) ], and who, under the terms of the proposed settlement, purports to reserve to himself the unlimited authority to instruct defendant and its insurers on distribution of proceeds, including instructions on "amounts to be paid and to whom the payments are to be delivered" [DE 514-1, ¶ 2(b) ], the court finds the proposed settlement agreement unacceptable for several reasons.

■ First, the proposed settlement agreement fails to allocate any sum to the minor children. In this respect, it is demonstrably unfair. While not binding upon the parties, the jury's percentage allocations must be taken into account[1]

---

1. A jury returned a verdict of approximately $20 million for the Plaintiff, allocating 75% for the children and 25% for the father. The Court, however, granted a remittitur, reduc-

■ Second, the proposed settlement agreement does not set forth an allocation of the settlement proceeds in a manner which would bind the Personal Representative to commit to any particular allocation on behalf and for the benefit of the minor surviving children of the decedent. Although the Plaintiff has separately filed a proposed "closing statement," dated April 18, 2016, signed and dated by the Personal Representative and his attorneys [DE 508–2], which sets forth the Personal Representative's contemplated distribution of the proceeds of settlement, this document is not referenced, adopted or made part of the settlement agreement, and does not operate to create a binding obligation on the part of the Personal Representative. Without a binding obligation governing allocation of the funds enforceable against the Personal Representative, the proposed settlement agreement, as it stands, fails to safeguard the interests of the minors, and is deficient and unacceptable to the Court.

■ Third, it does not appear that Mr. Wisekal, as Personal Representative of the Estate, or as parent and natural guardian of the minor children, has the legal authority to settle the claims of the minor surviving children of the decedent, or to receive settlement proceeds on their behalf under Florida law. Because the proposed settlement of the claims of the minor children exceeds $ 15,000, under Florida law, Mr. Wisekal cannot settle the claims of the children or effectively sign a release of those claims without court appointment as the legal guardian of the children *and* without this Court's approval and determination that the proposed settlement is in the minors' best interests. Compare § 744.387(2) (requiring legal guardianship for settlement authority on behalf of minor

ing the award to approximately $5 million. The Plaintiff declined this reduction, and

when amount of net settlement to minor exceeds $15,000) and § 744.487(3)(b) (requiring guardianship of the property to collect settlement proceeds and execute releases if settlement exceeds $15,000) with § 744.301(2) (authorizing parents as natural guardians to settle claims and collect proceeds of settlement without appointment if the amounts received in aggregate *do not* exceed $15,000). *See Berges v. Infinity Ins. Co.*, 896 So.2d 665, 674 (Fla. 2004) (under Florida law, § 744.387(2), a court-appointed guardian is required *to settle* any minor's claim in excess of statutory threshold, but guardianship law does not require the guardian to obtain court appointment and approval before simply *negotiating* settlement); *Orkin Extermination Co. v. Lazarus*, 512 So.2d 1120, 1121 (Fla. 3d DCA 1987) (court-appointed guardian is required to execute a satisfaction of judgment to minor in excess of $5,000), citing Fla. Stat. § 744.387(3), (4). *See also Bradley v. Sebelius*, 621 F.3d 1330, 1341 (11th Cir.2010) (personal representative of estate is merely a nominal party to wrongful death action brought on behalf of a decedent; the estate and the decedent's survivors are real parties in interest).

Thus, while Mr. Wisekal, as the personal representative of the Estate of his deceased wife, has the authority to settle the claims of the Estate, and is authorized by Florida law to bring this wrongful death action for the benefit of the Estate and the decedent's survivors, § 768.20, Fla. Stat., his status as Personal Representative— standing alone—does not vest him with legal authority to settle the claims of the minor beneficiaries in this case, to collect settlement proceeds on their behalf or to execute releases of their claims. Because

therefore, the case was reset for trial.

he lacks this authority, plaintiff's motion for approval of the proposed settlement and for entry of order authorizing distribution of settlement funds must be denied.[2]

In an effort to discharge its responsibilities under Fla. Stat. §§ 744.387 (2) and (3)(b), the Court directs the attorneys for the Plaintiff to promptly petition the Circuit Court for the Fifteenth Judicial Circuit of Florida, Probate Division, for appointment of a limited guardian of the person authorized to settle and consummate a settlement of the minors' claims, as well as appointment of a guardian of the property authorized to collect, receive, manage and dispose of the proceeds of settlement on behalf of the minors. Further, in presenting the petition for appointment in state court, plaintiff's counsel is directed to attach a copy of this Order to the petition and to personally deliver a copy of this Order to the presiding judge. In addition, plaintiff's counsel shall file an affidavit with this Court indicating his compliance with these two directives.

■ This Court recognizes that guardianship decisions are properly reposed in the sound discretion of the State Court. Nonetheless, the Court feels compelled to share a number of concerns which it harbors about the qualifications of the Personal Representative, John Wisekal, to serve as legal guardian of the children for the limited purpose of consummating this settlement, or to serve as guardian of the property of the children to be collected in the contemplated settlement. The Court had the benefit of presiding at a lengthy trial, during which Mr. Wisekal's financial history was the subject of extensive testimony. Based upon this evidence, the Court is concerned that Mr. Weiskal, who undoubtedly is a loving and caring father, has a significant history of questionable business judgments and financial difficulties that may render him unsuitable to manage the substantial sums of money contemplated as payments to the minors in this proceeding.

As indicated, this history was developed at trial and also referenced in a motion in limine submitted by plaintiff at the outset of the contemplated retrial in this matter on December 15, 2015 [DE 444]. It includes:

(1) Periods of severe financial hardship during the marriage;

(2) Peripatetic movement of the family during the marriage;

(3) Significant changes in occupations and remuneration during the marriage; intermittent work history including speculative, short-lived home-based pastry business;

(4) A judgment secured against Mr. Wisekal, individually, and his former companies, including a $ 1.3 million New Jersey state court judgment entered in favor of Donald and Mary Ann La Guardia, arising from consumer fraud claims [DE 458–3], and

(5) Foreclosure on a marital home.

Given this poor financial history, the Court has grave concerns about the suita-

---

**2.** The proposed settlement agreement contains a section entitled "court approval of settlement," [514–1, para. 5(b)], which recites the purported intent of the Personal Representative—after obtaining approval of the district court of the proposed settlement—to then "take all steps necessary to obtain prompt judicial approval of the settlement memorialized by this Agreement as may otherwise be required by law, including, without limitation, the approval of any proposed distribution of Settlement Proceeds to any minor beneficiary of the Estate as may be directed by [the Personal Representative's] payment instructions delivered to [defendant]" under the Agreement. It is unclear what the parties sought to achieve with this precatory language; plainly, it does nothing to cure the deficiencies outlined in this order.

bility of Mr. Wisekal to serve as either guardian of the person or guardian of the property of the minor children of the decedent for the limited purpose of consummating the proposed settlement or collecting, receiving, managing and disposing of proceeds of any settlement on behalf of the minors in this proceeding. Most respectfully, this Court recommends that the Probate Court consider the appointment of an attorney experienced in guardianship matters to serve as guardian of the person of the children for this limited purpose, and the appointment of a corporate fiduciary as guardian of the property of children in order to best safeguard the interests of the minor children in the allocation and distribution of settlement proceeds payable for their benefit pursuant to any proposed settlement agreement.

For reasons expressed above, it is.

**ORDERED AND ADJUDGED.**

1.  The original and amended motion of Plaintiff, John Wisekal, as Personal Representative of the Estate of Darin Wisekal, for approval of settlement and entry of order authorizing distribution of funds and for dismissal of case [DE 506, 512] is **DENIED.**

2.  This order is without prejudice for Plaintiff to renew his motion—correcting the deficiencies in the proposed settlement agreement respecting an enforceable allocation of proceeds for the benefit of the minor survivors as outlined above—after the required guardianship appointments are in place.

3.  The Court discharges the previously appointed guardian ad litem, Andrew Yaffa, Esq., from further responsibility in this matter.

4.  In the event and at the time plaintiff submits a renewed motion for approval of settlement, together with a proposed settlement agreement which corrects the deficiencies out-

lined in this order, the Court shall, by separate order, pursuant to the requirements of § 744.3025(1)(b), Fla. Stat., appoint a guardian ad litem to represent the minors' interest in this matter.

5.  The parties' shall submit status report to the Court within **TEN (10) DAYS** indicating whether an acceptable settlement agreement has been reached addressing the deficiencies outlined above, along with the status of guardianship proceedings. If the parties are unable to reach agreement on a settlement which addresses the deficiencies identified above, and are unable to satisfy the Court that the required probate proceedings are in place, this case shall be promptly reset for trial on the Court's next available trial docket.

**DONE AND SIGNED** in Chambers at West Palm Beach, Florida this 22 nd day of April, 2016.